**Office of Disciplinary Counsel v. Anonymous**

Disciplinary Board Docket no. 168 D.B. 2002.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

GENTILE, *Member,* March 24, 2004—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On December 16, 2002, Office of Disciplinary Counsel, petitioner, filed a petition for discipline against [     ], respondent. The petition contained one charge of professional misconduct alleging that respondent misappropriated and converted client funds in violation of

Rules of Professional Conduct 1.15(a), 1.15(b), 8.4(b) and 8.4(c). Respondent filed an answer to petition for discipline on March 3, 2003.

A disciplinary hearing was held on May 12, 2003, before Hearing Committee [ ], comprised of Chair [ ], Esquire, and Members [ ], Esquire, and [ ], Esquire. Respondent was represented by [ ], Esquire. Petitioner presented its case in chief by a comprehensive joint stipulation of fact. Respondent's case consisted of his testimony and the testimony of six witnesses.

Following the submission of briefs by the parties, the Hearing Committee filed a report on December 8, 2003, finding that respondent violated the Rules of Professional Conduct as charged in the petition for discipline and recommending that respondent be suspended for five years, with the suspension stayed in its entirety and that he be placed on probation for five years.

Neither party filed exceptions to the Hearing Committee report.

This matter was adjudicated by the Disciplinary Board at the meeting of January 14, 2004.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all dis-

ciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent was admitted to practice law in the Commonwealth of Pennsylvania in 1985, and maintains an office at [   ]. Respondent is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(3) Respondent has no prior record of discipline.

(4) On or about September 8, 1998, [A] asked respondent and respondent agreed to represent him in a civil matter.

(5) On or about September 8, 1998, respondent and [A] signed a contingent fee agreement and power of attorney.

(6) Prior to or on May 10, 2000, respondent settled part of [A's] claim with [B] Insurance Company in the amount of $15,000.

(7) Respondent made distribution of $9,000, or 60 percent of the settlement, to [A].

(8) Prior to or on June 23, 2000, respondent settled part of [A's] claim with [C] Insurance in the amount of $15,000.

(9) [C] sent a check in the amount of $15,000, made payable to respondent and [A].

(10) On or about June 23, 2000, respondent informed [A] of the receipt of the [C] check and made arrangements for a meeting the following week.

(11) On or about June 23, 2000, respondent deposited or cashed the [C] check.

(12) Respondent was to be paid 40 percent of the amount recovered plus costs, or slightly in excess of $6,000 of the [C] settlement proceeds as his fee.

(13) After payment of respondent's fee, there remained at least $8,850 in [C] settlement proceeds belonging to [A].

(14) Between June 23, 2000 and June 1, 2001, respondent failed to pay over any portion of the $8,850 to [A].

(15) Between June 23, 2000 and June 1, 2001, respondent was required to retain at least $8,850 on behalf of [A] inviolate.

(16) Between June 23, 2000 and June 1, 2001, respondent expended the entire $8,850 belonging to [A] on personal or other expenses unrelated to his representation of [A] and without [A's] knowledge or consent.

(17) A short time after depositing or cashing the [C] check, respondent relocated from the office he had occupied during his representation of [A].

(18) Respondent never notified [A] that he was relocating his office.

(19) Approximately one year after respondent's receipt of the [C] check and office relocation, [A] located respondent and made contact with him.

(20) By letter dated June 1, 2001, addressed to [A], respondent acknowledged that he had an agreement with [A] by which respondent was to pay the $8,850, plus interest, for a total of $9,000 to [A] as his distribution of the [C] settlement.

(21) Respondent's June 1, 2001 letter also stated that respondent was personally liable for the payment of the $9,000 and would "in all likelihood" remit that sum within two to three months from the date of the letter.

(22) On August 13, 2001, respondent paid [A] $1,000 of the $9,000 due and owing.

(23) On September 17, 2001, respondent paid [A] a second payment of $1,000.

(24) On September 26, 2001, respondent paid [A] a third payment of $1,000.

(25) After the third payment was made, respondent still owed [A] $6,000.

(26) Between September 26, 2001 and January 24, 2002, respondent failed to remit the remaining $6,000 due to [A].

(27) On or about January 24, 2002, respondent received a DB-7 Request for Statement of Respondent's Position from petitioner regarding his handling of [A's] settlement funds.

(28) On or about February 15, 2002, respondent acknowledged by letter to petitioner that he had taken [A's] money and used it for his own purposes.

(29) Respondent further advised in his letter that [A] had been fully compensated as of February 8, 2002.

(30) Dr. [D] testified at the disciplinary hearing regarding respondent's addiction to cocaine.

(31) Respondent has used drugs since he was in high school. His use of cocaine started in college and escalated following his graduation from law school. The frequency of respondent's drug use increased as he accepted better paying employment.

(32) Respondent has been a cocaine addict since 1993 and was addicted to cocaine during his representation of [A].

(33) Respondent's misappropriation of [A's] settlement funds was directly caused by his abuse of cocaine.

(34) Respondent used [A's] funds to purchase crack cocaine during a 15- to 20-day binge.

(35) Respondent has engaged in various recovery programs in his attempt to achieve sobriety.

(36) Respondent participated in an in-patient rehabilitation program at [E] in 1997.

(37) Respondent relapsed in 1999 and was admitted to [F] for treatment.

(38) Respondent relapsed in July 2000, when he went on a crack cocaine binge with [A's] money.

(39) After respondent's binge, he made a new effort at recovery in August 2000.

(40) Respondent became involved with Narcotics Anonymous and Alcoholics Anonymous, and maintains that involvement today.

(41) Respondent has been sober since August 2000.

(42) Respondent presently shares office space with the firm of [G] in [   ] and concentrates his practice on personal injury law.

(43) Respondent has had sole custody of his two minor children since 2002.

(44) Respondent expressed sincere remorse for his misconduct.

(45) Five character witnesses testified at the hearing, including three of respondent's fellow attorneys in the [   ] County Bar.

(46) The character witnesses were aware of respondent's substance abuse problems as well as his misconduct. They testified to his continuing and successful efforts at sobriety and his remorse for his wrongdoing.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct:

(1) R.P.C. 1.15(a)—A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property.

(2) R.P.C. 1.15(b)—Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. A lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

(3) R.P.C. 8.4(b)—It is professional misconduct for a lawyer to commit a criminal act which reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

(4) R.P.C. 8.4(c)—It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for discipline charging respondent with misappropriation of client funds. The facts of this matter are not in dispute. Respondent admitted that he misappropriated $8,850 of his client's funds for his own use. He relocated his office without notification to his client, who was unable to contact him for another year. Respondent

made a few partial payments to his client, but full restitution was not effectuated until approximately 20 months after distribution of the funds was due. Respondent's misappropriation, conversion, and theft of client funds constitute egregious violations of the professional rules.

Respondent presented substantial evidence that he is a cocaine addict, contending that he is entitled to mitigation pursuant to *Office of Disciplinary Counsel v. Braun*, 520 Pa. 157, 553 A.2d 894 (1989). Respondent offered the expert testimony of [D] M.D., on the issue of respondent's addiction to cocaine. Dr. [D] testified that respondent's cocaine addiction was the causal factor of his misconduct. Respondent's cocaine abuse caused his financial problems, since he was using any available funds to purchase drugs. Respondent's craving for cocaine was so strong that he used his client's money to finance a 15- to 20-day crack cocaine binge. Respondent is currently sober and involved in Narcotics and Alcoholics Anonymous. The record is clear that respondent has made positive changes in his life. He runs his own law practice, sharing space with a law firm in [   ]. He has sole custody of his two minor children and is very involved in their lives. He cites his children as the primary reason for his continued sobriety. Dr. [D] indicated that the longer respondent remains sober the more he is likely to succeed in his rehabilitative efforts. Based on the foregoing, the board finds that respondent met his burden under *Braun* and is entitled to mitigation.

Petitioner and respondent both recommended to the Hearing Committee that respondent be suspended for a period of five years, with the suspension stayed and five years of probation with a sobriety monitor. The commit-

tee adopted the recommendation of the parties as the sanction balanced the seriousness of respondent's misconduct with the fact that such conduct was directly caused by his substance abuse.

There is precedent in Pennsylvania's disciplinary system for a stayed suspension requiring a lengthy probation. In the matter of *In re Anonymous No. 13 & 114 D.B. 2000,* no. 825 disciplinary docket no. 3 (Pa. April 3, 2003), an attorney was found to have committed serious misconduct, including making false statements to a tribunal and representing clients while on inactive status. This attorney suffered from a cocaine addiction and had no prior history of discipline. The board recommended, and the Supreme Court directed, that the attorney be suspended for five years, with the suspension stayed in its entirety and the attorney placed on probation for five years with a sobriety monitor.

The board is persuaded that a five-year stayed suspension is appropriate in this particular matter. While this matter does present a theft of client funds, one of the most egregious of all ethical violations, this is a very clear-cut case of an attorney's drug addiction dictating the attorney's misconduct. The system of monitoring and support by the sobriety monitor will ensure that respondent's chances for long-term recovery are increased, while at the same time decreasing the likelihood of relapse. The goal of protecting the public is met by setting forth mechanisms to monitor respondent's ongoing efforts at maintaining sobriety.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, [    ], be suspended from the practice of law for a period of five years, that the suspension be stayed in its entirety, and that respondent be placed on probation for a period of five years, subject to the following conditions:

(1) Respondent shall abstain from using alcohol or any other mind-altering chemical;

(2) Respondent shall regularly attend Alcoholics Anonymous meetings on a weekly basis;

(3) Respondent shall obtain a sponsor in Alcoholics Anonymous and maintain weekly contact with that sponsor;

(4) A sobriety monitor shall be appointed to monitor respondent in accordance with Disciplinary Board Rule §89.293(c);

(5) Respondent shall furnish his sobriety monitor with his Alcoholics Anonymous sponsor's name, address and telephone number;

(6) Respondent shall establish his weekly attendance at Alcoholics Anonymous meetings by providing written verification to the board on a board-approved form;

(7) Respondent shall undergo any counseling, outpatient or inpatient treatment, prescribed by a physician or alcohol counselor;

(8) Respondent shall file with the executive director and secretary of the board quarterly written reports;

(9) With the sobriety monitor, respondent shall:

(a) meet at least twice a month;

(b) maintain weekly telephone contact;

(c) provide the necessary properly executed written authorizations to verify his compliance with the required substance abuse treatment; and

(d) cooperate fully.

(10) The appointed sobriety monitor shall:

(a) monitor respondent's compliance with the terms and conditions of the order imposing probation;

(b) assist respondent in arranging any necessary professional or substance abuse treatment;

(c) meet with respondent at least twice a month, and maintain weekly telephone contact with respondent;

(d) maintain direct monthly contact with the Alcoholics Anonymous chapter attended by the respondent;

(e) file with the executive director and secretary of the board quarterly written reports; and

(f) immediately report to the executive director and secretary of the board any violations by the respondent of the terms and conditions of the probation.

It is further recommended that respondent select an impartial practice monitor subject to the approval of the Office of Disciplinary Counsel. During the period of respondent's probation, the practice monitor shall:

(1) Periodically review all new client files to ensure the written fee agreements are being provided to all new clients;

(2) Verify that respondent is taking the reasonable steps necessary to protect his clients' interests, if his representation is terminated, by returning papers and refunding any advance payment of fees that have not been earned;

(3) Periodically examine respondent's law office organization and procedures to ensure that respondent is

maintaining acceptable escrow account records, especially with regard to the segregation of client funds, and other administrative aspects of respondent's practice;

(4) File with the executive director and secretary of the board quarterly written reports on a board-approved form; and

(5) Shall immediately report to the executive director and secretary of the board any violations by respondent of the terms and conditions of probation.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member Stewart dissented and would recommend a three-year suspension.

Board Members Peck and Newman did not participate in the January 14, 2004 adjudication.

## ORDER

And now, July 8, 2004, upon consideration of the report and recommendations of the Disciplinary Board dated March 24, 2004, it is hereby ordered that [respondent] be and he is suspended from the practice of law in the Commonwealth of Pennsylvania for a period of five years, that the suspension be stayed in its entirety and respondent be placed on probation for a period of five years subject to the following conditions:

(1) Respondent shall abstain from using alcohol or any other mind-altering chemical;

(2) Respondent shall regularly attend Alcoholics Anonymous meetings on a weekly basis;

(3) Respondent shall obtain a sponsor in Alcoholics Anonymous and maintain weekly contact with that sponsor;

(4) A sobriety monitor shall be appointed to monitor respondent in accordance with Disciplinary Board Rule §89.293(c);

(5) Respondent shall furnish his sobriety monitor with his Alcoholics Anonymous sponsor's name, address and telephone number;

(6) Respondent shall establish his weekly attendance at Alcoholics Anonymous meetings by providing written verification to the board on a board-approved form;

(7) Respondent shall undergo any counseling, outpatient or inpatient treatment, prescribed by a physician or alcohol counselor;

(8) Respondent shall file with the executive director and secretary of the board quarterly written reports;

(9) With the sobriety monitor, respondent shall:

(a) meet at least twice a month;

(b) maintain weekly telephone contact;

(c) provide the necessary properly executed written authorizations to verify his compliance with the required substance abuse treatment; and

(d) cooperate fully.

(10) The appointed sobriety monitor shall:

(a) monitor respondent's compliance with the terms and conditions of the order imposing probation;

(b) assist respondent in arranging any necessary professional or substance abuse treatment;

(c) meet with respondent at least twice a month, and maintain weekly telephone contact with respondent;

(d) maintain direct monthly contact with the Alcoholics Anonymous chapter attended by the respondent;

(e) file with the executive director and secretary of the board quarterly written reports; and

(f) immediately report to the executive director and secretary of the board any violations by the respondent of the terms and conditions of the probation.

It is further ordered that respondent select an impartial practice monitor subject to the approval of the Office of Disciplinary Counsel. During the period of respondent's probation, the practice monitor shall:

(1) Periodically review all new client files to ensure the written fee agreements are being provided to all new clients;

(2) Verify that respondent is taking the reasonable steps necessary to protect his clients' interests, if his representation is terminated, by returning papers and refunding any advance payment of fees that have not been earned;

(3) Periodically examine respondent's law office organization and procedures to ensure that respondent is maintaining acceptable escrow account records, especially with regard to the segregation of client funds, and other administrative aspects of respondent's practice;

(4) File with the executive director and secretary of the board quarterly written reports on a board-approved form; and

(5) Immediately report to the executive director and secretary of the board any violations by respondent of the terms and conditions of probation.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.